### JULIUS FOWLER *against* SETH STOCKING :

#### IN ERROR.

THIS was an action of book-debt, brought, originally, by *Stocking* against *Fowler*, before a justice of the peace, demanding six dollars damages. Before the justice, the defendant

> The right of appeal in the action of book-debt, is governed wholly by the amount of the demand as laid in the declaration : Therefore, where the plaintiff brought his action on book, returnable before a justice of the peace, demanding a smaller sum in damages than seven dollars, and the defendant pleaded, that he owed the plaintiff nothing, but that the plaintiff was indebted to him in a greater sum than seven dollars ; it was held, that the cause was not appealable.
>
> In a suit brought by *A.* against *B.*, returnable before a justice of the peace, *A.* obtained judgment in his favour, from which *B.* took an appeal to the County Court, before which court, judgment was rendered in *B.'s* favour. On a writ of error, brought to the Superior Court, by *A.*, the judgment of the County Court was reversed, on the ground that the cause was not appealable. In assessing the damages on reversal, in such case, the court refused to include the amount of the judgment rendered in *A.'s* favour before the justice ; the only proper remedy, *quoad hoc*, being by execution on such judgment.

Nov. 1813.

FOWLER
v.
STOCKING.

fendant pleaded, that he owed the plaintiff nothing, and that the plaintiff was indebted to him, in the sum of fifteen dollars. The issue being joined, judgment was rendered for the plaintiff; from which, on motion of the defendant, an appeal to the County Court, was allowed.

Before the County Court, the appellee pleaded in abatement of the appeal, alleging the want of jurisdiction: To which there was a demurrer and joinder in demurrer. The court adjudged the plea to be insufficient; and upon a hearing on the merits, rendered judgment in favour of the defendant, for 4 dollars, 32 cents, and costs.

On a writ of error brought to the Superior Court, by *Stocking* against *Fowler*, this judgment was reversed. On the reversal, the court, in the assessment of damages, included the amount of the judgment recovered by *Fowler* against *Stocking* before the County Court, the officer's fees on the execution, and interest to the time of the reversal, together with the taxable costs to which *Stocking* was entitled on the trial before the County Court; but the amount of the judgment recovered before the justice, was not included in the assessment. To reverse the judgment of the Superior Court, the present writ of error was brought.

*E. Huntington*, for the plaintiff in error, contended,

1. That from the facts apparent in the record, the justice had not conclusive jurisdiction of the cause, and that an appeal from his decision, might lawfully be taken.

2. That the taxable costs upon the trial on the merits before the County Court, to which *Stocking* might have been entitled, if judgment had been in his favour, did not constitute a proper item in the assessment of damages, upon reversal of judgment in the Superior Court.

3. That the amount of the judgment of the justice, ought to have been included as an item in the assessment of damages.

*L. H. Clarke*, for the defendant in error.

BALDWIN, J. The principal question presented by this record, is the right of the defendant to appeal from the judgment of a justice of the peace, in an action on book, not appealable on the demand of the plaintiff, but claimed to be so on the demand of the defendant, in his plea of a balance due to him beyond the final jurisdiction of the justice.

The apparent difficulty in this case, arises wholly from the peculiar provision in our statute respecting the action of book-debt ; by which the defendant is entitled to recover a balance.

It is contended, that a plea demanding a balance, is, in effect, a new declaration, or cross action, in favour of the defendant, and of course, that his demand may give the right of appeal ; the words of the statute being, " That where the sum demanded, shall exceed the sum of seven dollars, an appeal shall be allowed." The right of appeal, in all cases, is founded wholly on statute; and it is to be remembered, that this statute was passed nearly a century before the defendant could recover a balance ; and the statute which authorised the court to adjust the accounts of the parties, and award the balance as they should find it due, has no provision requiring a new declaration, or cross action, in favour of the defendant ; nor do I conceive it necessary to his recovery that he should, by plea, demand a precise sum. If he does so, his demand is not attended with a single incident attending the plaintiff's declaration. He is not obliged to make a profert of his book ; nor can the plaintiff demand oyer of it. He is not bound by his plea. He may, in the court above, alter it, abandon his claim to a balance, and by pleading simply that he owes nothing, oust that court of its appellate jurisdiction. In this manner, every action on book may, by a litigious defendant, be removed even to the Superior Court, and be there abandoned. I cannot conceive that the legislature contemplated this, when they enacted the latter statute ; nor that the fair constructions of the two statutes will warrant such an inference. The obvious meaning of the statute authorising appeals is confined, I think, to the plaintiff's demand ; and there is no provision by law for a

Nov. 1813.

FOWLER
*v.*
STOCKING.

case like this. Yet I am aware, there are cases in which it would be proper, that an appeal should be allowed on account of the defendant's demand; but the legislature alone can give the right, and they can impose such limitations and restrictions as justice requires.

I am therefore of opinion, that this action was not appealable; and that the County Court had no jurisdiction.

But it is contended, that the Superior Court erred in assessing the damages; for that they ought to have included the amount of the justice's judgment. This is not a solid objection. By the statute regulating trials on writs of error, it is provided, that upon reversal, the plaintiff shall recover all that he hath been damnified by the erroneous judgment, except the costs of reversal. What then has he been damnified? I answer, 1st, the amount of the judgment recovered by the defendant against him in the County Court, provided he has been compelled to pay it; but if not paid, the reversal would have prevented a collection, and he could not have been damnified by it. 2dly, The amount of his taxable costs for defence in that court. These sums he has recovered in damages, and by the reversal of the judgment, on the ground that no appeal could be allowed, the judgment of the justice is revived, and he may have execution from that court for the amount of his judgment recovered there: Of course, that forms no item for damages on the reversal. Indeed, the judgment of the Superior Court would have been erroneous, if this item had been there allowed as part of the damages assessed, as it is now claimed it ought to have been.

I do not, therefore, perceive any thing erroneous in this part of the judgment. It is not necessary that I should consider the merits of the bill of exceptions.

I am of opinion, that the judgment of the Superior Court, in reversing the judgment of the County Court, be affirmed.

The other Judges, severally, concurred.

Judgment of the Superior Court affirmed.